DOELCHER PRODUCTS, INC., Plaintiff,

v.

HYDROFOIL INTERNATIONAL, INC., et al., Defendants.

Civ. A. No. R–88–2108.

United States District Court, D. Maryland.

Sept. 27, 1989.

Neil B. Siegel and William H. Mandir, Sughrue, Mion, Zinn, MacPeak & Seas, Washington, D.C., for plaintiff.

G. Stewart Webb, Jr., Venable, Baetjer and Howard, Baltimore, Md., and John A. Fogarty, Jr., Kenyon & Kenyon, New York City, for defendants.

## MEMORANDUM AND ORDER

RAMSEY, District Judge.

Pending before this Court in the above-captioned matter is defendants' ("Hydrofoil") motion to dismiss for failure to join an indispensible party, Fed.R.Civ.P. 12(b)(7), and for improper venue, Fed.R. Civ.P. 12(b)(3). Alternatively, Hydrofoil moves for a change of venue under 28 U.S.C. § 1406(a) and a stay of the action against McClean Brothers, Inc. ("McClean"). For the reasons set forth below, this Court will grant Hydrofoil's motion for a change of venue and stay the action against McClean.

### Background

On December 11, 1984, the U.S. Patent Office issued patent number 4,487,152 for a "Boat Stabilizer" to Wilfred Larson. The patented device is affixed to the stern of power boats under the water-level and works to lift the stern of the boat, apparently providing a smoother and more stable ride. Long before the patent was issued— in fact, soon after the patent was applied for in 1974—Larson entered an "Option and License Agreement" with plaintiff ("Doelcher") that grants Doelcher "an exclusive license, including the right to grant sublicenses, to manufacture, use and sell and to have manufactured, used and sold" the Larson stabilizer. This agreement, dated July 13, 1974, also provides, in paragraph 15, that Larson retains the exclusive right to sue and recover from an infringer, providing that Larson initiates prosecution within 120 days after learning of the infringement. If Larson does not exercise this option, Doelcher is entitled to bring suit against the infringer, subject to Larson's right to participate equally in the prosecution and recovery.[1] Although the original agreement did not specify a term for the license, the parties entered into a "Replacement Agreement" on April 29, 1984, that specified that the license would run until the termination of the patent's life.[2]

Under this Replacement Agreement, which remains in force, Doelcher manufacturers and distributes a product called a "Doel–Fin Hydrofoil." In this suit, Doelcher alleges that Hydrofoil's product, the "Hydrofoil G–T Series # 1" hydrofoil, infringes the Larson patent. Although Doelcher is a California corporation and has its principal place of business in California, it brought suit against Hydrofoil—a New York corporation with its principal place of business in New York—and one of

---

1. The original Agreement between Doelcher and Hydrofoil was superseded by a Replacement Agreement, entered into on April 29, 1984. Although the Replacement Agreement was designed to supplant entirely the original Agreement, it contained no provision regarding Doelcher's right to sue an infringer. However, paragraph 2 of the Replacement Agreement provides: "The parties hereto acknowledge that [the original] license was an exclusive license conveying to DOELCHER all substantial rights to any and all patents on [the stabilizer] and agree that DOELCHER shall remain an exclusive licensee under all substantial rights to any and all patents on [the stabilizer] as set forth in [the original] license." This Court finds, for the purposes of this motion only, that Doelcher's conditional right to sue an infringer is among the "substantial rights" conveyed in the exclusive license.

2. Unless a U.S.A. patent shall issue on Said Product, the royalty specified herein shall be paid by DOELCHER for a period terminating on July 13, 1984; if such a patent shall issue, this period shall terminate on the expiration date of such patent or, if it should happen earlier, upon such patent being declared invalid or unenforceable by the final decree of a tribunal of competent jurisdiction.

Hydrofoil's distributors, McClean—which is a Maryland corporation—in this District. Larson did not join as a plaintiff in this action. Soon after this infringement suit was initiated, Hydrofoil filed an action against both Doelcher and Larson in the Southern District of New York seeking, *inter alia,* a declaration that Hydrofoil had not infringed the Larson patent. *Hydrofoil International, Inc. v. Doelcher Products, Inc.,* No. 89 Civ. 5469 (S.D.N.Y. filed Aug. 14, 1989) (Judge Stanton).

### Analysis

Hydrofoil's motion is best handled by dividing it into two parts. First, Hydrofoil moves for a transfer of this action to the Southern District of New York because of improper venue in this Court; second, if transfer is not ordered, Hydrofoil moves for a dismissal of this action for failure to join an indispensible party—namely, the patentee, Larson. Because venue is clearly improper and transfer is warranted, this Court need not reach the issue of whether Larson is an indispensible party.

Initially, the two parties disagree regarding the statute applicable to the determination of venue. Hydrofoil argues that venue for this action is governed by the special venue statute for patent actions, 28 U.S.C. § 1400(b). This statute provides:

> Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business.

Doelcher, in contrast, relies on the recently amended general venue provision, 28 U.S.C. § 1391(c), which provides in pertinent part:

> For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced.

Doelcher goes on to argue that under Maryland's long-arm statute, Md.Cts. & Jud.

Proc.Code Ann. § 6–103, personal jurisdiction over Hydrofoil may be obtained.

Doelcher, however, never adequately addresses the issue of the applicability of the special venue provision designed for patent actions. For a number of reasons, this Court is not persuaded that the recent amendments to the venue statute work any change whatsoever in venue for patent actions.

■ First, it has long been settled law that venue in patent actions is governed solely and exclusively by § 1400(b). In *Fourco Glass Co. v. Transmirra Corp.,* 353 U.S. 222, 77 S.Ct. 787, 1 L.Ed.2d 786 (1957), the Court reaffirmed its earlier holding in *Stonite Products Co. v. Melvin Lloyd Co.,* 315 U.S. 561, 62 S.Ct. 780, 86 L.Ed. 1026 (1942), and squarely held that § 1400(b) is a special exception to the general venue statute that applies only in—but *always* in—patent infringement cases. This holding remains the law. *See In re Cordis Corp.,* 769 F.2d 733, 735 (Fed.Cir.), *cert. denied sub nom. Cordis Corp. v. Medtronic, Inc.,* 474 U.S. 851, 106 S.Ct. 148, 88 L.Ed.2d 122 (1985); *Baltimore Therapeutic Equip. Co. v. Loredan Biomedical, Inc.,* Civ. No. HAR–89–1079 1989 WL 85059 (D.Md. July 25, 1989).

Second, the recent amendment to § 1391(c) in no way indicates that an alteration was intended in the operation of § 1400(b). Not only is the language of the statute itself silent in this respect, the legislative history behind the amendment of § 1391(c) is devoid of any indication that an amendment to § 1400(b) was intended or even contemplated. Absent clear indication in the language of the statute or unmistakeble intent expressed in the legislative history, elementary principles of statutory construction preclude this Court from finding that venue in patent actions shall hereafter be governed by amended § 1391(c). *See Finley v. U.S.,* —— U.S. ——, ——, 109 S.Ct. 2003, 2009–10, 104 L.Ed.2d 593, 605 (1989). The urgings of Doelcher and commentators notwithstanding,[3] this Court finds that patent infringement actions are still governed by § 1400(b).

---

3. *See, e.g.,* Wydick "Venue in Actions for Patent

Infringement," 25 Stan.L.Rev. 551, 584–85

■ The question becomes, then, whether venue is proper under § 1400(b). It is evident that Hydrofoil is neither incorporated in Maryland nor maintains a "regular and established place of business" in Maryland.[4] Rather, Hydrofoil is incorporated in New York and maintains both of its offices in that state. Accordingly, venue is clearly improper with regard to Hydrofoil in the District of Maryland.

■ Doelcher's infringement suit, however, also names one of Hydrofoil's distributors, McClean, as a defendant. McClean, the parties agree, is a Maryland corporation with a regular and established place of business in Glen Burnie, Maryland. Doelcher relies on McClean's presence in Maryland to justify filing this patent infringement suit in this Court.

Doelcher is certainly correct that venue is proper in this Court in regard to McClean. The defendants request, however, that McClean be severed from the principal patent infringement dispute between Doelcher and Hydrofoil and the action between McClean and Doelcher be stayed pending the outcome of the principal litigation. This is an eminently sensible solution. It is clear that the real dispute here is between the licensee of the Larson patent, Doelcher, and the alleged infringer, Hydrofoil. McClean is, at best, a peripheral actor; it has purchased only a few of Hydrofoil's G–T series hydrofoils and, beyond these few purchases, is not alleged to be involved in any manner with Hydrofoil's purported infringement. Thus, "in the interest of justice, this Court will administratively close the action against [McClean] without prejudice until such time as the Court is notified that the action between" Doelcher and Hydrofoil is resolved. *Baltimore Therapeutic, supra.*

Finding that venue is improper with respect to the dispute between Doelcher and Hydrofoil, this Court is confronted with a choice. Under 28 U.S.C. § 1406(a), upon finding of a defect in venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." The usual procedure, in the absence of any indication that the suit was commenced in an improper district for the purpose of harrassment, delay, or the like, is transfer rather than dismissal. *See De La Fuente v. Interstate Commerce Comm'n,* 451 F.Supp. 867, 872 (N.D.Ill. 1978). Here, there is no indication that Doelcher possessed any improper motive in filing suit in this Court. And inasmuch as Hydrofoil has filed a complaint for "Declaratory Judgment of Patent Invalidity, Unenforceability and Non–Infringement" against Doelcher in the Southern District of New York, this Court finds it to be in the interest of justice to transfer this action to that Court.

Accordingly, for the reasons set forth herein, it is this 27th day of September, 1989, by the United States District Court for the District of Maryland,

ORDERED:

1. That defendants' motion to sever McClean Brothers, Inc. and transfer the action between plaintiff and defendant Hydrofoil to the United States District Court for the Southern District of New York is GRANTED;

2. That the action against defendant McClean Brothers, Inc., is ADMINISTRATIVELY CLOSED until such time as this Court is notified of the resolution of the dispute between plaintiff and defendant Hydrofoil;

3. That defendant Hydrofoil shall notify this Court of the outcome of the action in the Southern District of New York between plaintiff and defendant Hydrofoil; and,

4. That the Clerk of the Court shall mail copies of this Memorandum and Order to all counsel of record.

---

(1973) (arguing that the venue statute for patent actions ought to be repealed because it is based on outmoded motions of interstate commerce).

**4.** For the purposes of § 1400(b), a corporation's residence is its place of incorporation. *Fourco,* 353 U.S. at 226, 77 S.Ct. at 79.