CENTURY WRECKER CORPORATION, Plaintiff,

v.

VULCAN EQUIPMENT COMPANY, LTD., and Holmes International, Inc., Defendants.

No. CIV-1-89-310.

United States District Court, E.D. Tennessee, S.D.

Dec. 14, 1989.

Raymond R. Murphy, Jr., Douglas T. Johnson, Miller & Martin, Chattanooga, Tenn., for plaintiff.

Hugh Moore, Witt Gaither & Whitaker, Chattanooga, Tenn., for Vulcan Equipment Co.

Donald J. Aho, Chambliss, Bahner, Crutchfield, Gaston & Irvine, Chattanooga, Tenn., for Holmes Intern., Inc.

## MEMORANDUM

EDGAR, District Judge.

This matter is presently before the Court upon the plaintiff's motion to amend the complaint to add Vulcan Equipment Company, Inc. ("Vulcan Inc."), as a party defendant in this case. Defendant Vulcan Equipment Company, Ltd. has filed a memorandum in opposition to the plaintiff's motion. After carefully considering the arguments of the parties the Court concludes that the motion is well taken and should be GRANTED.

The plaintiff, Century Wrecker Corporation, filed this patent infringement suit on July 7, 1989. The plaintiff sued Vulcan Equipment Company, Ltd. ("Vulcan Ltd.") and Holmes International, Inc. The plaintiff in its motion to amend the complaint seeks to add as a party defendant Vulcan Inc., which is the United States sister corporation of the Canadian based defendant, Vulcan Ltd. The plaintiff asserts that Vul-

can Inc. has subjected itself to the jurisdiction and venue of this Court by carrying out substantial trade and business within Tennessee, including the sale of infringing tow trucks in this district. The plaintiff bases its assertion of venue on 28 U.S.C. § 1391(c), the general venue statute, in combination with 28 U.S.C. § 1400(b), the specific patent venue statute.

Section 1400(b) states that an "action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." Section 1391(c) states that:

> For purposes of venue under this *chapter*, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. In a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

(Emphasis added.)

The issue here is whether § 1400(b) must be read in combination with § 1391(c). Vulcan Ltd. asserts that § 1400(b) is the exclusive provision under which venue is to be determined in patent infringement cases.

In a long line of decisions beginning with *Fourco Glass Co. v. Transmirra Prod. Corp.*, 353 U.S. 222, 229, 77 S.Ct. 787, 792, 1 L.Ed.2d 786, 791 (1957), the federal courts have held that "28 U.S.C. § 1400(b) is the sole and exclusive provision controlling venue in patent infringement actions, and that it is not to be supplemented by the provisions of 28 U.S.C. § 1391(c)." *See, e.g., Schnell v. Peter Ekrich & Sons, Inc.*, 365 U.S. 260, 81 S.Ct. 557, 5 L.Ed.2d 546

(1961); *Dual Mfg. & Engineering v. Burris Industries*, 531 F.2d 1382 (7th Cir.1976); *Ingersoll–Rand Co. v. Rockwell International Corp.*, 420 F.Supp. 277 (S.D.Fla. 1976).

The plaintiff nonetheless maintains that recent amendments to 28 U.S.C. § 1391(c) support its argument that the general venue statute is to be read in conjunction with § 1400(b), the specific patent infringement venue provision. Congress amended 28 U.S.C. § 1391(c) as part of the 1988 Judicial Improvements Act. Prior to 1988, § 1391(c) read as follows:

> (c) A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes.

The plaintiff, Century Wrecker Corporation, argues that the 1988 amendments substantially broaden the venue statute and, in effect, broaden the venue possibilities of suit against corporations by making the terms of § 1391(c) applicable to § 1400(b).

As set forth above, § 1391(c) now begins by stating "[f]or purposes of venue *under this chapter....*" (Emphasis added.) The chapter referred to is Chapter 87 of Title 28, United States Code which includes § 1400. The plaintiff maintains that since § 1391(c) was revised after the *Fourco Glass* case and its progeny, Congress meant to apply the new standards of § 1391(c) to § 1400(b). As the plaintiff acknowledges, that interpretation and application of the venue provisions would vitiate thirty years of legal precedent.

The Court has been unable to find any express authority for the proposition that Congress intended to supplement § 1400(b) with § 1391(c). Indeed, the published legislative history of revised § 1391(c) is silent on this issue.[1]

Since the official legislative history is silent on whether Congress sought to supplement § 1400(b) with § 1391(c), and because no case authority exists regarding this issue, the Court must draw upon general principles of statutory construction in resolving this matter. A recognized rule of construction of statutes is to look to the law when the statute was enacted in order to see for what it was intended as a substitute, and the defects in the old law sought to be remedied by the new statute. 73 Am.Jur.2d *Statutes* § 181 (1974). Indeed, it will be presumed that a legislature did not intend to overturn established rules of law unless an intention to do so plainly appears by expressed declarations. *Id.*

However, "the meaning of the statute must, in the first instance, be sought in the language in which the act is framed, and if that is plain, ... the sole function of the courts is to enforce it according to its terms." *Caminetti v. United States*, 242 U.S. 470, 37 S.Ct. 192, 61 L.Ed. 442 (1917); *see also McBarron v. S & T Industries, Inc.*, 771 F.2d 94, 97 (6th Cir.1985); *Sec. and Exch. Com'n v. Ambassador Church*, 679 F.2d 608, 611 (6th Cir.1982); *Guarantee Electric Co. v. Big Rivers Electric*

---

1. The official legislative history of revised § 1391(c) does not address the issue involved in this case. The history reads, in part, that:

> Venue generally turns on one of two considerations: the place where the claim arose or the residence of the parties. When one or more of the parties is a corporation, venue problems arise in determining a corporation's "residence." The (old) general venue statute defines the residence of a corporation as "any judicial district in which it is incorporated or licensed to do business or is doing business." 28 U.S.C. § 1391(c). Read literally, the statute appears to make venue proper in *any* district in a multidistrict state in which a corporation is incorporated, licensed to do business, or doing business.

> The committee concluded that a corporation for venue purposes should be deemed to reside in any judicial district in which it was subject to personal jurisdiction at the time the action was commenced. In multidistrict states in which a corporation is not incorporated or licensed to do business, the venue determination should be made with reference to the particular district in which a corporation is sued. Thus, for example, a corporation that confines its activities to Los Angeles (Central California) should not be required to defend in San Francisco (Northern California) unless, of course, venue lies there for other reasons. This amendment would accomplish this purpose. 1988 U.S.Code Cong. & Admn.News 5982, 6031. (Emphasis in original.)

*Corp.,* 669 F.Supp. 1371, 1377 (W.D.Ky. 1987). "If the language is plain, unambiguous and uncontrolled by other parts of the act or other acts upon the same subject the court cannot give it a different meaning." 2A N. Singer, *Sutherland Stat. Const.* § 46.01 at 74 (4th Ed.1984). Moreover, "[t]he change in language in a statute is considered some evidence of a change in purpose; ..." 1A N. Singer, *Sutherland Stat. Const.* § 22.13 at 212 (4th Ed.1985).

In the present case the change of language in § 1391(c) apparently modifies significantly § 1400(b). Indeed, the revised § 1391(c) plainly indicates that the definition of "reside" contained therein is to be applied across the board to all the venue provisions found in Chapter 87 of Title 28, United States Code.[2] Accordingly, the Court must conclude that for purposes of § 1400(b), "resides" is defined as "any judicial district in which [a defendant corporation in a patent infringement suit] is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c).

Although the Court has been unable to find any express authority on this issue, the legislative history impliedly supports the conclusion that Congress intended to supplement § 1400(b) with § 1391(c), at least insofar as the definition of the term "resides" is affected. As early as December 1985 the proposed redraft of § 1391(c) included the language "[f]or purposes of venue under this chapter...." Report of the Subcommittee on Federal Jurisdiction to the Committee on Court Administration, p. 11 (December 1985). Significantly, that language had not been changed after almost two years of further consideration of changes regarding § 1391(c). Report of the Judicial Conference Committee on Court Administration (September 1987). Finally, in 1988 Congress adopted the changes recommended by the Judicial Conference in 1985. Therefore, the Court must conclude Congress intended that § 1391(c) be applied to each and every venue provision found in Chapter 87.

Having concluded that § 1400(b) must be construed in combination with § 1391(c),

the Court must determine what effect the definition of the word "reside" in § 1391(c) has upon the patent infringement venue statute as it is applied in this case. The Court must assume that whenever Congress enacts a provision it has in mind previous statutes relating to the same subject matter. *See* 2A N. Singer, *Sutherland Stat. Const.* § 51.02 at 453 (4th Ed.1984); *see also Allen v. Grand Cent. Aircraft Co.,* 347 U.S. 535, 74 S.Ct. 745, 98 L.Ed. 933 (1954). Moreover, statutes on the same subject, although in apparent conflict, are construed to be in harmony if reasonably possible. 2A N. Singer, *Sutherland Stat. Const.* § 51.02 at 453. However, "[i]f there is an irreconcilable conflict between the new provision and the prior statutes, the new provision will control as it is the later expression of the legislature." *Id.* at 453–54.

In *Patel v. Quality Inn South,* 846 F.2d 700, 704 (11th Cir.1988), the court considered whether the Immigration Reform and Control Act of 1986 ("IRCA") impliedly amended the Fair Labor Standards Act ("FLSA"). The court stated that "[o]nly when Congress' intent to repeal or amend is clear and manifest will we conclude that a later act implicitly repeals or amends an earlier one." (Citations omitted.) The court ultimately concluded that nothing in the IRCA or its legislative history suggested that Congress intended to amend the FLSA. However, the court in *Patel* was construing two separate statutes. In this case the Court is concerned with two sections within the same chapter of the same statute. Accordingly, the Court cannot ignore the broad language in § 1391(c) and assume that Congress did not contemplate the implications inherent in such a change.

In opposing the plaintiff's motion to amend, Vulcan Ltd. cites *Radzanower v. Touche Ross & Co.,* 426 U.S. 148, 96 S.Ct. 1989, 48 L.Ed.2d 540 (1976), for the proposition that a narrowly drawn, specific venue provision is not impliedly repealed by a later-enacted, broader, more generally applicable venue provision. However, *Radza-*

2. Chapter 87 includes §§ 1391–1412.

*nower,* like *Patel,* dealt with two separate statutes. Moreover, the revisions to § 1391(c) clearly indicate that the definition of the term "reside" is to be applied to all sections within Chapter 87. That was not the case in *Radzanower.* Although nothing in the legislative history indicates that Congress recognized that the revisions in § 1391(c) would vitiate thirty years of precedent regarding venue in patent infringement cases, this Court cannot assume that Congress was unaware of such well-established law and the effect the change of language in § 1391(c) would have upon § 1400(b).

Therefore, in light of the language in revised § 1391(c) the Court must conclude that venue in this district is proper as to Vulcan Inc. Section 1400(b) states that an "action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." Under § 1391(c) a corporation is deemed to reside for purposes of venue in any judicial district in which it is subject to personal jurisdiction. There is no question that Vulcan Inc. is subject to personal jurisdiction in this district.

Thus, the first clause of § 1400(b) is given new meaning insofar as the definition of residency has been changed in accordance with revised § 1391(c). The Court acknowledges that the second clause of § 1400(b) becomes superfluous under the facts of this case in view of the construction given to § 1400(b) in combination with § 1391(c). However, the plain language of § 1391(c) indicates that the new definition of residency must be applied across the board to all venue provisions found in Chapter 87.

Accordingly, the plaintiff's motion to amend the complaint to add Vulcan Inc. as a party defendant in this case will be GRANTED. An appropriate order will enter in accordance with this memorandum.