The **REGENTS OF the UNIVERSITY OF CALIFORNIA, Plaintiff,**

v.

**ELI LILLY AND CO., Defendant.**

**No. C–90–0373 SAW.**

United States District Court, N.D. California.

April 12, 1990.

Royce Schulz and Thomas Nevins, Broad, Schulz, Larson & Wineberg, San Francisco, Cal., for plaintiff.

Steven Hock and Robert Weikert, Thelen, Marrin, Johnson & Bridges, San Francisco, Cal., for defendant.

## MEMORANDUM AND ORDER

WEIGEL, District Judge.

Plaintiff sues for patent infringement. Defendant moves to dismiss or transfer, arguing that venue in this district is improper because defendant is incorporated in Indiana.

### I.

■ The patent venue provision provides in part that an action for patent infringement may be brought "in the judicial district where the defendant resides." 28 U.S.C. § 1400(b).[1] It has been a long-standing rule that for purposes of venue under Section 1400(b) a corporation resides only in its place of incorporation. *Fourco Glass Co. v. Transmirra Products Corp.*, 353 U.S. 222, 77 S.Ct. 787, 1 L.Ed.2d 786 (1957); *In re Cordis Corp.*, 769 F.2d 733, 735 (Fed.Cir.1985), *cert. denied sub nom. Cordis Corp. v. Medtronic, Inc.*, 474 U.S. 851, 106 S.Ct. 148, 88 L.Ed.2d 122 (1985). A recent amendment to the general venue provision, codified at 28 U.S.C. § 1391(c), however, calls into question the continuing validity of this rule.

At the time *Fourco* was decided, 28 U.S.C. Section 1391(c), a subsection of the section governing venue generally, provided:

A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes.

*Fourco*, 353 U.S. at 223, 77 S.Ct. at 789. In *Fourco*, the Supreme Court held that the general, broad definition of corporate residence contained in 28 U.S.C. Section 1391(c) did not apply to Section 1400(b), and, thus, did not effect the then-existing rule that for venue purposes in patent infringement cases a corporation's residence is its place of incorporation. *Id.* at 229, 77 S.Ct. at 792; *see Brunette Machine Works, Ltd. v. Kockum Industries, Inc.*, 406 U.S. 706, 707 n. 2, 92 S.Ct. 1936, 1937 n. 2, 32 L.Ed.2d 428 (1972).

In 1988, however, Congress amended 28 U.S.C. Section 1391(c). Its first sentence now reads:

For purposes of venue *under this chapter* [chapter 87 of Title 28], a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced.

28 U.S.C. § 1391(c) (emphasis added). Chapter 87 includes Section 1400(b), the patent venue provision.[2] Therefore, the Court must decide whether Congress intended to change the long-standing rule, first enunciated in *Fourco*, that Section 1391(c) does not apply to Section 1400(b). The Court concludes that Congress did so intend.[3]

---

1. Alternatively, 28 U.S.C. Section 1400(b) authorizes suit in the district where the defendant has committed acts of infringement and has a regular and established place of business. Here, the parties do not dispute that defendant committed no acts of infringement in the Northern District of California.

2. Chapter 87, titled "DISTRICT COURTS; VENUE," consists of 28 U.S.C. Sections 1391 through 1412.

3. The Court has been able to locate three other cases in which courts have addressed this question. In *Century Wrecker Corp. v. Vulcan Equipment, Ltd.*, 733 F.Supp. 1170 (E.D.Tenn. 1989), the court concluded that Section 1391(c)

## II.

■ "In the absence of a 'clearly expressed legislative intention to the contrary,' the language of the statute itself 'must ordinarily be regarded as conclusive.'" *United States v. James*, 478 U.S. 597, 606, 106 S.Ct. 3116, 3121, 92 L.Ed.2d 483 (1986) (citation omitted). Here, the amended statute plainly provides that the new definition of "reside" applies to all of the venue provisions found in chapter 87 of Title 28 of the United States Code. Nothing in the statute or its legislative history states that Congress intended to exempt Section 1400(b) from the force of this amendment. Although nothing in the legislative history, on the other hand, states that Congress recognized that its amendment to Section 1391(c) would overturn *Fourco* and its progeny, Congress is presumed to legislate with knowledge of judicial precedent. *Lorillard v. Pons*, 434 U.S. 575, 580–81, 98 S.Ct. 866, 870, 55 L.Ed.2d 40 (1978). "[W]here ... Congress adopts a new law incorporating sections of a prior law, Congress normally can be presumed to have had knowledge of the interpretation given to the incorporated law." *Id.* at 581, 98 S.Ct. at 870. Therefore, in the absence of any clear legislative statement to the contrary, the Court cannot conclude that Congress was unaware of, and thus did not intend, the effect its amendment of Section 1391(c) would have upon the definition of corporate residence in Section 1400(b).

Defendant argues that Congress could not have intended to incorporate the definition of residency in Section 1391(c) into Section 1400(b) because this would render the second test for venue in Section 1400(b) superfluous.[4] This argument is not well-taken. The amendment to Section 1391(c) only redefines residence for *corporate* defendants; the second test in Section 1400(b) is still relevant for non-corporate defendants.

Defendant also argues that Congress' sole intent in enacting the amendment to Section 1391(c) was to clarify the issue of venue for a corporation in a state with multiple judicial districts.[5] While the second sentence of Section 1391(c) does show that Congress amended Section 1391(c) with that intent, this argument does not account for Congress' decision to recast the provision in its entirety and begin the first sentence with the phrase, "[f]or purposes of venue under this chapter." 28 U.S.C. § 1391(c).

Finally, defendant relies on *Radzanower v. Touche Ross & Co.*, 426 U.S. 148, 153, 96 S.Ct. 1989, 1992–93, 48 L.Ed.2d 540 (1976), for the proposition that a statute dealing with a narrow, precise, and specific subject is not subsumed by a later enacted statute covering a more generalized area. As the court observed in *Century Wrecker Corp.*, however, *Radzanower* did not address a situation, as in the case at bar, in which the later enacted statute directly incorporates the earlier statute. *See Century Wrecker Corp., supra,* at 1173–74. Thus, *Radzanower,* which involved statutes codified in two separate titles of the United States Code, does not apply.

Reading Section 1400(b) in conjunction with Section 1391(c), as the Court concludes

---

should apply to Section 1400(b). The courts in the other two cases, however, reached the opposite conclusion. *Joslyn Manufacturing Co. v. Amerace Corp.,* 729 F.Supp. 1219 (N.D.Ill.1990); *Doelcher Products, Inc. v. Hydrofoil Int'l Inc.,* 735 F.Supp. 666 (D.Md.1989).

**4.** As noted above, *see supra* note 1, Section 1400(b) also authorizes suit in the district where the defendant has committed acts of infringement and has a regular and established place of business. 28 U.S.C. § 1400(b).

**5.** 28 U.S.C. Section 1391(c) provides in its entirety:
  For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. In a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

that it should, venue in this case is proper in any district in which defendant is subject to personal jurisdiction. Defendant does not dispute that it is subject to personal jurisdiction in this district.

Accordingly,

IT IS HEREBY ORDERED that defendant's motion to dismiss or alternatively to transfer is DENIED.