**IMAGINEERING, INC., Plaintiff,**

v.

**VAN KLASSENS, INC. and Robert Lukingbeal, Defendants.**

**No. 92 Civ. 751 (RLC).**

United States District Court, S.D. New York.

Sept. 4, 1992.

---

Heslin & Rothenberg, P.C., Albany, N.Y. (Susan F. Gullotti, Nicholas Mesiti, of counsel), for plaintiff.

Robinson Brog Leinwand Reich Genovese & Gluck, P.C., New York City (David C. Burger, of counsel), Pitts & Brittian, Knoxville, Tenn., for defendants.

ROBERT L. CARTER, District Judge.

Plaintiff, Imagineering, Inc., brings this action against defendants Van Klassens, Inc. and Robert Lukingbeal, alleging claims for patent infringement under 35 U.S.C. § 271, for unfair competition under 15 U.S.C. § 1125(a), and alleging pendent state claims for unfair competition and dilution. Defendants have moved, under Rules 12(b)(2) and 12(b)(3), F.R.Civ.P., to dismiss this action for lack of personal jurisdiction and improper venue, or alternately to transfer this action, under 28 U.S.C. § 1404(a), to the Eastern District of Tennessee.

I.

Plaintiff is engaged in the manufacture, advertising and sale of garden furniture under the trade name "Weatherend." Plaintiff also possesses a patent, Patent No. 313,320, for a particular rocking chair. Defendant Van Klassens, Inc. also sells a line of garden furniture, including rocking chairs ("rockers"), that resembles that manufactured by plaintiff. Defendant Lukingbeal is the president of Van Klassens. From 1987 to 1991 a series of communications occurred between plaintiff and defendants, in which plaintiff alleged that a number of pieces of defendants' furniture were imitations of those manufactured by plaintiff and that defendants' sale of such furniture violated unfair competition laws and infringed on plaintiff's rocking chair patent. In November, 1991, defendant Van Klassens filed a declaratory judgment action in the Eastern District of Tennessee (the "Tennessee action"), to disprove plaintiff's allegations. Plaintiff subsequently began this action.

The parties agree that the following constitute defendants' relevant furniture sales in New York over the last five years. Since 1987, defendants have sold 1,796 pieces of furniture, of which 13% have been sold in New York. In this period, defendants have sold 2 allegedly infringing rocking chairs in New York, or 2% of defendants' total sales of the rocking chairs. Affidavit of Robert Lukingbeal at 5. Defendants, contending that these sales fig-

ures are insufficient to form the basis for personal jurisdiction or venue in this district, have moved for dismissal or transfer. Subsequent to defendants' motion, the court in the Tennessee action determined that venue was improper in that district and transferred that action to this district for consolidation.

## II.

■ Plaintiff bears the burden of establishing that the court possesses personal jurisdiction over defendants. *See Cutco Indus., Inc. v. Naughton,* 806 F.2d 361, 365 (2d Cir.1986); *Volkswagen de Mexico, S.A. v. Germanischer Lloyd,* 768 F.Supp. 1023, 1027 (S.D.N.Y.1991) (Cedarbaum, J.). In a case arising under a federal law which does not provide for service of process on a party not an inhabitant of or found within the forum state, federal courts must defer to the forum state's long arm statutes to determine the issue of personal jurisdiction. *See Omni Capital Int'l v. Rudolf Wolff & Co., Ltd.,* 484 U.S. 97, 108 S.Ct. 404, 98 L.Ed.2d 415 (1987). Therefore New York's long arm statute controls defendants' amenability to suit in this district.

■ The New York long arm statute, N.Y. CPLR § 302(a)(2) (McKinney 1990), provides:

As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary ... who in person or through an agent:

.    .    .    .    .

2. commits a tortious act within the state ...;

The statute requires that the cause of action arise from the acts that constitute the basis for personal jurisdiction. *See* N.Y. CPLR § 302(a) (McKinney 1990); *Business Trends Analysts v. Freedonia Group, Inc.,* 650 F.Supp. 1452, 1456 (S.D.N.Y.1987) (Weinfeld, J.). For each of plaintiff's claims in the present case, the cause of action is deemed to arise where the allegedly infringing sales were made. *See Farberware Inc. v. Alternative Pioneering Sys., Inc.,* 19 U.S.P.Q.2d (BNA) 1079, 1991 WL 328439 (S.D.N.Y.1991) (Conboy, J.) (patent infringement); *Business Trends, supra,* 650 F.Supp. at 1455–56 (S.D.N.Y. 1987) (unfair competition and dilution). Therefore personal jurisdiction will depend on the existence of sales of the allegedly infringing products in New York.

■ With respect to plaintiff's patent infringement claim, defendants contend that their sales of the infringing products in New York are too negligible to be the basis for personal jurisdiction, relying on their sale of only two rockers in the past five years in New York. While this only constitutes 2 per cent of defendants' total rocker sales, it has consistently been held that section 302(a)(2) "requires no specified level of activity within the State, but only that plaintiff suffer some damage as a result of a tortious act committed ... in New York." *Honda Assocs., Inc. v. Nozawa Trading, Inc.,* 374 F.Supp. 886, 889 (S.D.N.Y.1974) (Conner, J.); *accord Sun Hill Indus. Inc. v. Holiday Trims Inc.,* 20 U.S.P.Q.2d (BNA) 1851, 1855, 1991 WL 307253 (E.D.N.Y.1991); *Business Trends, supra,* 650 F.Supp. at 1455–56; *Factors Etc., Inc. v. Pro Arts, Inc.,* 444 F.Supp. 288, 291 (S.D.N.Y.1977) (Tenney, J.), *aff'd* 579 F.2d 215 (2d Cir.1978), *cert. denied,* 440 U.S. 908, 99 S.Ct. 1215, 59 L.Ed.2d 455 (1979). Hence personal jurisdiction may be established over a defendant when New York sales constitute only a small percentage of the infringing activities. *See Fox–Rich Textiles Inc. v. Malden Mills Indus. Inc.,* 14 U.S.P.Q.2d (BNA) 1843, 1845, 1989 WL 140246 (S.D.N.Y.1989) (Owen, J.) (0.8 percent); *Factors, supra,* 444 F.Supp. at 288 (less than one percent); *Honda, supra,* 374 F.Supp. at 888 ($1/100$ of 1 percent).

Defendants, in arguing that their contacts with New York are insufficient to constitute the basis of venue, rely primarily on *McKee Electric Co. v. Rauland–Borg Corporation,* 20 N.Y.2d 377, 283 N.Y.S.2d 34, 229 N.E.2d 604 (1967), in which the New York Court of Appeals stated: "[o]nly in a rare case should [defendants] be compelled to answer a suit in a jurisdiction with which they have the barest of contact." *See* 20 N.Y.2d at 383, 283 N.Y.S.2d at 38, 229 N.E.2d at 607–08. However, in that case the court was construing section

302(a)(1), rather than section 302(a)(2), the provision at issue here. Section 302(a)(1) confers jurisdiction over a defendant who "transacts any business within the state or contracts anywhere to supply goods or services in the state." N.Y. CPLR § 302(a)(1) (McKinney 1990). Courts have not placed such a construction of section 302(a)(2). *See Fox–Rich Textiles, supra,* 14 U.S.P.Q.2d at 1845; *Factors, supra,* 444 F.Supp. at 288; *Honda, supra,* 374 F.Supp. at 888.

■ Moreover, in *McKee,* the Court of Appeals specifically noted that the acts committed by the defendants in New York did not give rise to the tort sued upon in that case, *see* 20 N.Y.2d at 381, 283 N.Y.S.2d at 37, 229 N.E.2d at 607, and for that reason could not be the basis of personal jurisdiction. *See* 20 N.Y.2d at 382, 283 N.Y.S.2d at 38, 229 N.E.2d at 607. The facts of *McKee* fit within the rule that "single or isolated items of activities" which are unrelated to the lawsuit cannot be the basis for personal jurisdiction. *See International Shoe Co. v. Washington Office of Unemployment Compensation & Placement,* 326 U.S. 310, 317, 66 S.Ct. 154, 158–59, 90 L.Ed. 95 (1945). In the present case, defendants' activities in New York provide the basis for both personal jurisdiction and the cause of action sued upon and thus do not come within the ambit of the rule stated in *McKee.*

Therefore, based on defendants' sales of rockers in New York, it is clear that the court possesses personal jurisdiction over plaintiff's patent infringement claims. Likewise the court possesses jurisdiction over plaintiff's unfair competition and dilution claims based on sales of defendants' other furniture, since 13 percent of this furniture was sold in New York.

### III.

Defendants have also moved to dismiss or transfer this action for improper venue. As indicated by the following discussion,

venue is proper in this district and this motion must be denied.

■ Venue in an action for patent infringement is governed by 28 U.S.C. § 1400(b) which provides that venue may be established where "the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." In 1988, Congress amended 28 U.S.C. § 1391(c), the general corporation venue statute, which provides that: "[f]or purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." *See* Pub.L. 100–702, Title X, § 1013, 102 Stat. 4669 (Nov. 19, 1988). Sections 1391(c) and 1400(b) are in the same chapter of the Judicial Code. Therefore, courts have interpreted these two sections as establishing venue in any district where a corporation is subject to personal jurisdiction. *See VE Holding Corp. v. Johnson Gas Appliance Co.,* 917 F.2d 1574 (Fed.Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 1315, 113 L.Ed.2d 248 (1991); *Farberware, supra,* 19 U.S.P.Q.2d at 1080; *Regents of University of California v. Eli Lilly & Co.,* 734 F.Supp. 911 (N.D.Cal.1990). *But see Doelcher Prods. Inc. v. Hydrofoil Int'l Inc.,* 735 F.Supp. 666 (D.Md.1989). Since defendants are subject to personal jurisdiction in this district, venue is proper here with respect to plaintiff's patent infringement claims.

■ Venue for plaintiff's other claims is governed by two identically worded provisions of the general venue statute, 28 U.S.C. § 1391(a)(1) and § 1391(b)(1), which provide that venue is proper in "a judicial district where any defendant resides, if all defendants reside in the same State." Assuming that defendant Lukingbeal is sued in his official capacity only, both he and the defendant corporation reside in the same state.[1] Section 1391(c) is also incorporated

---

1. It should be noted that analysis of venue for these claims and for plaintiff's patent claims depends on the assumption that defendant Lukingbeal is sued in his official capacity only. If

sued in this capacity, the suit against Lukingbeal, "is, in all respects other than name, to be treated as a suit against the [corporation]." *Kentucky v. Graham,* 473 U.S. 159, 166, 105

into analysis of venue under sections 1391(a) and (b), making venue proper where defendants are subject to personal jurisdiction. Therefore venue is proper in this district with respect to plaintiff's remaining claims.

## IV.

■ Finally, defendants have moved, under 28 U.S.C. § 1404(a), to transfer this action to the Eastern District of Tennessee. Section 1404(a) allows transfer of an action "[f]or the convenience of parties and witnesses, in the interest of justice" to another district "where it might have been brought." However, it is evident that this action could not have been brought in the Eastern District of Tennessee, since that court has already determined that venue for Van Klassens' declaratory judgment action was improper in that district and transferred that action here. Therefore this action cannot be transferred to the Eastern District of Tennessee and defendants' motion must be denied.

## CONCLUSION

Accordingly, defendants' motion, under Rules 12(b)(2) and 12(b)(3), F.R.Civ.P., to dismiss this action for lack of personal jurisdiction and improper venue is denied. Defendants' motion to transfer this action, under 28 U.S.C. § 1404(a), to the Eastern District of Tennessee is denied.

IT IS SO ORDERED.

S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985). If also sued in his individual capacity, serious questions would be raised as to whether Lukingbeal resides in the same district as Van Klassens for the purposes of sections 1391(a) and (b), and whether section 1391(c), the corporation venue statute, could be applied to him.