**ROCKET JEWELRY BOX, INC., Plaintiffs,**

v.

**NOBLE GIFT PACKAGING, INC., Defendant.**

No. 92 Civ. 6716 (CSH).

United States District Court, S.D. New York.

July 6, 1994.

Lewis H. Eslinger, Cooper & Dunham, New York City, for plaintiffs.

Michael D. Lesh, New York City, for defendant.

## MEMORANDUM OPINION AND ORDER

HAIGHT, District Judge:

Plaintiff, Rocket Jewelry Box, Inc., ("Rocket") brought this action against defendant, Noble Gift Packaging, Inc., ("Noble") alleging patent infringement under 35 U.S.C. § 271. Defendant has moved to transfer this action to the District of New Jersey, alleging that plaintiffs have improperly laid venue in the Southern District of New York under 28 U.S.C. § 1400(b) and, alternatively, that the court should transfer venue to a more convenient forum pursuant to 28 U.S.C. § 1404(a). For the reasons discussed below, Rocket's action is dismissed without prejudice as improperly laid in the Southern District.

## I. FACTS

Noble is a wholesale distributor of jewelry boxes to retail distributors located in the Southern District and throughout the United States. Rocket claims that Noble's "Paris line" of jewelry boxes infringes two patents that it holds.

Rocket is a New York corporation whose principal place of business is located in the Southern District of New York at 125 East 144th Street, Bronx, New York. Noble is a New Jersey corporation which maintained at the time this suit was commenced a place of business in the Eastern District of New York at 1449 37th Street, Brooklyn, New York, and which now maintains its only office as well as its warehouse and distribution facilities in the District of New Jersey at 141 Lanza Avenue, Garfield, New Jersey. Noble has never had a regular and established place of business in the Southern District.

Noble uses an independent marketing agent to advertise its products, including the allegedly infringing "Paris line," in a catalog which is mailed several times a year to roughly 10,000 to 50,000 customers in the Southern District and nationwide. Noble has no access to the customer list and does not itself mail the catalogs, which are published in Canada and mailed from Florida. Noble obtains all sales orders from customers who initiate telephone calls to its New Jersey offices. Noble maintains no sales agents or offices located in the Southern District.

Noble has obtained purchase orders, made invoices, and received payment for its advertised products from customers in the Southern District. Noble derives two percent of its annual revenues from sales of its products in the Southern District. The record does not disclose, however, whether Noble has sold any allegedly infringing "Paris line" in the Southern District.

## II. DISCUSSION

### A. Principles of Venue

 Venue refers to locality; it concerns the forum where a lawsuit may be brought and judicial authority exercised. By limiting a plaintiff's choice of forum beyond those courts which have personal and subject matter jurisdiction, venue statutes protect defendants from litigating in an unfair or inconvenient location. 15 Wright, Miller, & Cooper, *Federal Practice and Procedure: Jurisdiction 2d* § 3801.

 The plaintiff need not include in his complaint an allegation showing proper venue. *Ripperger v. A.C. Allyn and Co.*, 113 F.2d 332, 334 (2d Cir.), *cert. denied,* 311 U.S. 695, 61 S.Ct. 136, 85 L.Ed. 450 (1940); *Ferraioli v. Cantor,* 259 F.Supp. 842, 846 (S.D.N.Y.1966). Accordingly, the defendant bears the burden of establishing improper venue. *Bowles v. American Distilling Co.,* 62 F.Supp. 20, 24 (S.D.N.Y.1945); *app. dismissed sub nom. Porter v. American Distilling Co.,* 157 F.2d 1012 (2d Cir.1946).

### B. Principles of Personal Jurisdiction

 This Court has exclusive and original subject matter jurisdiction over this patent infringement action, pursuant to 28 U.S.C. § 1338(a) and 35 U.S.C. § 281. When deciding personal jurisdiction in a suit arising from a federal question, a district court must

apply the law of the state in which it sits, unless a federal statute specifically authorizes service of process on a party not an inhabitant of or found within the forum state. See Fed.R.Civ.P. 4(e); *Omni Capital International v. Rudolf Wolff,* 484 U.S. 97, 104–105, 111, 108 S.Ct. 404, 406, 413, 98 L.Ed.2d 415 (1987); *Canterbury Belts Ltd. v. Lane Walker Rudkin Ltd.,* 869 F.2d 34, 40 (2d Cir.1989); *Kinetic Instruments, Inc. v. Lares,* 802 F.Supp. 976, 981 (S.D.N.Y.1992). Because no such federal authorization exists for patent infringement actions, New York law governs this Court's exercise of personal jurisdiction over Noble. *Id.* at 981; *see Max Daetwyler Corp v. R. Myer,* 762 F.2d 290, 297 (3d Cir.), *cert. denied,* 474 U.S. 980, 106 S.Ct. 383, 88 L.Ed.2d 336 (1985).

## C. Venue in this Case

■ Noble first asserts that this action should be transferred to the District of New Jersey because Rocket improperly laid venue in the Southern District pursuant to the specific venue statute governing patent infringement, 28 U.S.C. § 1400(b). The statute permits a patent infringement suit to be brought in any judicial district either "where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."

Under the second alternative, Rocket has improperly laid venue. Noble asserts, and Rocket does not dispute, that it has no regular and established place of business in the Southern District of New York.

Additionally, Rocket has improperly laid venue in this Court under the first alternative. The parties dispute the meaning and import of the word "resides." Noble relies on the Supreme Court's holding in *Fourco Glass Co. v. Transmirra Products Corp.,* 353 U.S. 222, 229, 77 S.Ct. 787, 792, 1 L.Ed.2d 786 (1957) that § 1400(b) is the sole and exclusive statute governing venue in patent infringement cases and should not be supplemented by § 1391(c), the general corporation venue statute. Noble urges this Court to define "resides", consistent with *Fourco,* as referring only to the state in which a corporate defendant was incorporated. *Id.* at 229, 77 S.Ct. at 792.

However, in 1988 Congress amended the general corporate venue statute to provide that "[f]or purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced."[1] *See* Pub.L. 100–702, Title X, § 1013, 102 Stat. 4642, 4669 (Nov. 19, 1988). Noting that both § 1400(b) and § 1391(c) appear in the same chapter of the Judicial Code, the Court of Appeals for the Federal Circuit[2] subsequently reasoned that Congress acted to redefine "resides" to apply to patent infringement actions. *VE Holding Corp. v. Johnson Gas Appliance Co.,* 917 F.2d 1574, 1578 (Fed.Cir.1990). "Thus, the first test for venue under § 1400(b) with respect to a defendant that is a corporation, in light of the 1988 amendment to § 1391(c), is whether the defendant was subject to personal jurisdiction in the district of suit at the time the action was commenced." *Id.* at 1584; *Imagineering, Inc. v. Van Klassens, Inc.,* 797 F.Supp. 329, 332–333 (S.D.N.Y. 1992); *Kinetic,* 802 F.Supp. at 988.

Consequently, consideration of the first alternative under § 1400(b) turns on whether Noble was subject to personal jurisdiction in the Southern District when Rocket initiated suit.

## D. Personal Jurisdiction in this Case

■ This court's exercise of personal jurisdiction over a foreign defendant must

---

**1.** The full text of 28 U.S.C. § 1391(c) reads: "For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. In a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and if there were no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts."

**2.** The Court of Appeals for the Federal Circuit has exclusive appellate jurisdiction over federal patent actions, pursuant to 28 U.S.C. § 1295(a)(1).

satisfy constitutional due process as well as the relevant state statute. *Paul v. Premier Electrical Construction Co.,* 576 F.Supp. 384, 388 (S.D.N.Y.1983); *Hedlund v. Products From Sweden, Inc.,* 698 F.Supp. 1087, 1090 (S.D.N.Y.1988). A court's exercise of personal jurisdiction over a foreign defendant comports with due process if a party has sufficient minimum contacts with it, should reasonably expect to defend a lawsuit there, and avails itself of the benefits of the forum. *See International Shoe Co. v. Washington,* 326 U.S. 310, 320, 66 S.Ct. 154, 160, 90 L.Ed. 95 (1945); *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1239–1240, 2 L.Ed.2d 1283 (1958); *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985).

New York's long-arm statute[3], which permits jurisdiction over nonresidents, reflects these due process concerns. *Kreutter v. McFadden Oil Corp.,* 71 N.Y.2d 460, 527 N.Y.S.2d 195, 198, 522 N.E.2d 40, 43 (Ct.App.1988). Because the statute does not extend jurisdiction as far as may be constitutionally possible, *Hedlund,* 698 F.Supp. at 1090 (S.D.N.Y.1988), this Court's exercise of personal jurisdiction over a defendant pursuant to § 302 accords with due process.

Section 302(a)(1) permits personal jurisdiction over foreign defendants for tort and contract claims arising from its transaction of business within the state or its contracts to supply goods or services in the state. This provision is a "single act statute" and requires only one transaction, even if the defendant never entered New York, so long as its activities were purposeful and the transaction substantially relates to the claim. *Kruetter,* 527 N.Y.S.2d at 198–199, 522 N.E.2d at 43–44.

Under § 302(a)(1), this Court lacks personal jurisdiction over Noble. The plain language of the provision requires that the plaintiff's cause of action must arise out of some transaction conducted within the state. *Fontanetta v. American Board of Internal Medicine,* 421 F.2d 355, 357 (2d Cir.1970). The record fails to disclose that any of Noble's Southern District customers purchased the allegedly infringing "Paris line." While Noble does derive two percent of its annual revenue from the Southern District, these sales may all relate to products other than the "Paris line." Further, while Noble has directed into the Southern District catalogs advertising the "Paris line," this solicitation does not amount to a transaction from which Rocket's claim may arise. Without proof of at least one "Paris line" transaction in the Southern District, I cannot hold that Noble's acts substantially related to or gave rise to Rocket's asserted claim of patent infringement. Consequently, this Court lacks personal jurisdiction under § 302(a)(1) over Noble.

Similarly, this Court lacks personal jurisdiction over Noble under § 302(a)(2). It is well settled that § 302(a)(2) "requires no specified level of activity within the state, but only that plaintiff suffer some damage as a result of a tortious act committed ... [in the jurisdiction in question]." *Honda Associates, Inc. v. Nozawa Trading, Inc.,* 374 F.Supp. 886, 889 (S.D.N.Y.1974); *Imagineering,* 797 F.Supp. at 331. Therefore, personal jurisdiction may be asserted over a defendant whose Southern District sales constitute only a small percent of the infringing activities. *Honda,* 374 F.Supp. at 889 (⅟₁₀₀ of 1 percent); *Imagineering,* 797 F.Supp. at 331 (2 percent). While Noble's Southern District sales constitute two percent of its total annual revenue, which would otherwise be a sufficient percentage, the record fails to disclose whether any of those sales related to the allegedly infringing "Paris line." Plaintiff has failed to show even a single Southern District sale that would satisfy the tortious act requirement of § 302(a)(2). Consequently, this Court lacks personal jurisdiction over

---

**3.** The New York long-arm statute, N.Y. CPLR § 302(a), provides that: "As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent:

1) transacts any business within the state or contracts anywhere to supply goods or services within the state; or

2) commits a tortious act within the state ..."

Noble pursuant to § 302(a)(2) as well as § 302(a)(1).

■ However, Rocket asserts that personal jurisdiction in the Southern District exists under the second sentence of § 1391(c), which concerns the residence of corporate defendants in multi-district states. Because Noble had a regular and established place of business and was thus subject to personal jurisdiction in the Eastern District when the suit was commenced, Rocket contends, it should be subject to personal jurisdiction in the Southern District of New York.

I disagree with this analysis, which wrongly interprets a concededly complicated passage. The second sentence of § 1391(c), quoted at n. 1, *supra*, and applicable to the case at bar because New York has more than one judicial district, is not a model of clarity. However, clarification is at hand in Professor Siegel's commentary in West's U.S.C.A. 28 § 1391 (1993) at 20:

> If the contacts that are relied on for jurisdiction, such as when a longarm statute is applicable, were all with but one district, that district is the defendant's residence for venue purposes. If there are several districts in the state—assume there are three, named X, Y, and Z—and the defendant had contacts with both X and Y (but not Z) such that, independently measured, jurisdiction would have been available in either X or Y on a longarm measure, then either X or Y qualify as the corporate residence, but not Z.

In the case at bar, § 1391(c) establishes personal jurisdiction over Noble in the Eastern District based on its Brooklyn facilities but cannot confer personal jurisdiction over Noble in the Southern District.

In sum, because this Court lacks personal jurisdiction over Noble, Rocket has improperly laid venue in the Southern District pursuant to the venue requirements in § 1400(b) and § 1391(c).

**E. The § 1404(a) claim.**

Having determined that venue is lacking in this district, I need not reach the separate question of whether, "[f]or the convenience of the parties and witnesses, in the interest of justice," 28 U.S.C. § 1404(a), this Court should transfer the action to the District of New Jersey.

### III. CONCLUSION

For the foregoing reasons, I direct the Clerk of the Court to dismiss the complaint without prejudice for improper venue.

It is SO ORDERED.