## Carlos GOMEZ, Plaintiff,

### v.

## ISB LTEE LIMITED, Defendant.

### No. 3:93CV1719 (RNC).

United States District Court, D. Connecticut.

Nov. 28, 1995.

Lubbie Harper, Jr., The Harper Law Firm, New Haven, CT, Linda Doreen Babcock, New Haven, CT, for Carlos Gomez.

Trudie R. Hamilton, Brian Shagan, Carmody & Torrance, Waterbury, CT, for ISB LTEE/Ltd.

Matthew D. Gordon, Skelley Rottner, P.C., Hartford, CT, Christine L. Harrigan, Law Office of Christine Harrigan, New Haven, CT, Janine M. D'Angelo, Law Offices of Christine L. Harrigan, Hamden, CT, for G & O Mfg. Co.

## ENDORSEMENT RULING

CHATIGNY, District Judge.

Defendant's motion to dismiss for lack of personal jurisdiction [doc. # 35] is denied without prejudice to renewal following additional discovery.

Plaintiff's reliance on the trade magazine advertisement as the sole basis for exercising personal jurisdiction over the defendant is misplaced. See *Federated Rural Electric Ins. Corp. v. Kootenai Electric Cooperative,* 17 F.3d 1302, 1305 (10th Cir.1994). However, accepting as true the uncontroverted allegations of the amended complaint, and construing them in a manner most favorable to the plaintiff, the plaintiff has made a prima facie showing that the court has personal jurisdiction over the defendant pursuant to Conn.Gen.Stat. § 33–411(c)(3). As Judge Cabranes noted in his order of February 18, 1994, the defendant's affidavit does not contradict the plaintiff's allegation that the defendant should have reasonably expected that its ISB system would be marketed in this State via ISB Products, Inc., a Connecticut corporation. See *Ruling on Defendant's Motion to Dismiss* at 7, [doc. # 22]. Moreover, while the affidavit states that ISB Products, Inc. is a separate, independent entity, the affidavit also states that ISB Products, Inc. services the products sold by the defendant in the United States. A close

**276**

working relationship between the defendant and ISB Products, Inc. could support the exercise of personal jurisdiction over the defendant even under the purposeful-availment standard espoused by Justice O'Connor in *Asahi Metal Industry Co. v. Superior Court of California,* 480 U.S. 102, 112, 107 S.Ct. 1026, 1032, 94 L.Ed.2d 92 (1987) (plurality opinion). See *Ensign–Bickford Co. v. ICI Explosives USA Inc.,* 817 F.Supp. 1018, 1028–1031 (D.Conn.1993).

Bearing in mind the limited nature of the discovery done to date and the plaintiff's interest in obtaining relief, the interests of justice will be served by giving the plaintiff an additional 60 days to depose one or more representatives of the defendant and ISB Products, Inc. pursuant to Fed.R.Civ.P. 30(b)(6) and to engage in other discovery on the issue of personal jurisdiction. This discovery will focus on whether the defendant had a reasonable expectation that its products would be used in Connecticut, the nature of the defendant's relationship with ISB Products, Inc. and other factors relevant to determining whether the defendant could reasonably expect to be sued here. Thereafter, if the defendant renews its motion to dismiss, plaintiff will not be permitted to rely on the conclusory allegations of the complaint but will be required to present specific facts developed through discovery supporting the exercise of personal jurisdiction. See *Ball v. Metallurgie Hoboken–Overpelt, S.A.,* 902 F.2d 194, 197 (2d Cir.1990). Further requests for additional time to engage in discovery on the issue of personal jurisdiction will not be granted.

So ordered.