**AIR–FLO M.G. CO., INC., Plaintiff,**

v.

**The LOUIS BERKMAN COMPANY, dba Swenson Spreader Company, Defendant.**

No. 95–CV–6604L.

United States District Court, W.D. New York.

July 18, 1996.

Richard D. Rochford, Nixon, Hargrave, Devans & Doyle LLP, Rochester, NY, for plaintiff.

Robert V. Vickers, Vickers, Daniels & Young, Cleveland, OH, for defendant.

## DECISION AND ORDER

LARIMER, Chief Judge.

Plaintiff, Air–Flo Mfg. Co., Inc. ("Air–Flo"), commenced this patent infringement action against The Louis Berkman Company ("Berkman"), dba Swenson Spreader Company ("Swenson"). Air–Flo alleges that Swenson has been and is infringing a patent ("the patent") issued to Air–Flo for a conveyor system designed for use with dump trucks. Defendant has moved to dismiss the complaint for improper venue pursuant to Fed. R.Civ.P. 12(b)(3) and 28 U.S.C. § 1406(a), or in the alternative to transfer venue to the District Court for the Northern District of Illinois pursuant to 28 U.S.C. § 1404(a).

## BACKGROUND

Both parties agree that Air–Flo is a corporation organized and existing under the laws of New York State, with its principal place of business in Prattsburg, New York, which is within the Western District of New York. Berkman is an Ohio corporation with its principal place of business in Ohio. Swenson is a division of Berkman with its principal place of business in Illinois.

Both Air–Flo and Swenson are manufacturers and sellers of sand- and salt-spreading equipment. Swenson's products are manufactured in Illinois.

The complaint alleges that Walter M. Roberts Enterprises, Inc. ("Roberts") is a New York corporation with places of business within this district in Victor, New York and Tonawanda, New York. Air–Flo alleges that Roberts is in the business of selling sand- and salt-spreading equipment manufactured by Swenson, and that defendant, through Roberts, has sold equipment within this district that infringes the patent. Air–Flo seeks injunctive relief and damages for the alleged infringement.

Defendant alleges that venue within this district is improper because it is not subject to personal jurisdiction here. Defendant also requests that, if its motion to dismiss is denied, the court change venue to the Northern District of Illinois for the convenience of the parties and witnesses and in the interest of justice under 28 U.S.C. § 1404(a).

## DISCUSSION

### I. Motion to Dismiss

As stated, defendant's contention that venue is improper in this district is based on its assertion that this court lacks personal jurisdiction over defendant. To defeat a motion to dismiss based on lack of personal jurisdiction, a plaintiff need only make a *prima facie* showing that jurisdiction exists. *CutCo Indus., Inc. v. Naughton,* 806 F.2d 361, 365 (2d Cir.1986); *Hoffritz for Cutlery, Inc. v. Amajac, Ltd.,* 763 F.2d 55, 57 (2d Cir.1985). The pleadings are to be construed, and any doubts resolved, in favor of the plaintiff. *Hubbell, Inc. v. Pass & Seymour, Inc.,* 883 F.Supp. 955, 961 (S.D.N.Y. 1995); *Editorial Musical Latino Americana, S.A. v. Mar Int'l Records, Inc.,* 829 F.Supp. 62, 64 (S.D.N.Y.1993).

Under 28 U.S.C. § 1400(b), a patent infringement action "may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."

Air–Flo does not contend that defendant has a regular and established place of business in the Western District of New York, but contends that defendant "resides" here for purposes of § 1400(b). Under 28 U.S.C. § 1391(c), "a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." In addition, in a state containing more than one judicial district, a corporate defendant that is subject to jurisdiction within the state is "deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State ..." *Id.*

The issue, then, is whether defendant was subject to personal jurisdiction in this district when this action was commenced. In a diversity action personal jurisdiction over a defendant is determined by reference to the law of the jurisdiction in which the court sits. *United States v. First Nat'l City Bank,* 379 U.S. 378, 381–82, 85 S.Ct. 528, 530–31, 13

L.Ed.2d 365 (1965). In the case at bar the issue of jurisdiction is governed by N.Y.C.P.L.R. § 302(a)(1), which provides for personal jurisdiction in New York over any defendant who "transacts any business within the state or contracts anywhere to supply goods or services in the state." The "contracts anywhere" language was added to the statute in 1979 to abrogate the prior rule that the "mere shipment" of goods into New York could not support jurisdiction. *Cleopatra Kohlique, Inc. v. New High Glass, Inc.*, 652 F.Supp. 1254, 1258 (S.D.N.Y.1987) (Italian manufacturer's contracting to supply goods in New York "place[d] this case squarely within § 302(a)(1)").

■ In its initial motion papers, defendant contends that plaintiff has offered no proof that Swenson has sold or contracted to sell any goods in this district. Defendant argues that Swenson's contacts with Roberts are not sufficient to establish personal jurisdiction over defendant in this district because Swenson has dealt with Roberts only through Roberts' place of business in Cazenovia, New York, which is in the Northern District of New York, and that what Roberts does with Swenson's products after Roberts purchases them from Swenson is outside Swenson's knowledge and control.

In opposition to defendant's motion, plaintiff has submitted a sworn declaration of Francis F. Krauza, an Assistant Civil Engineer in the Erie County Department of Public Works ("DPW"). Krauza states that he is involved in purchasing various types of equipment by the DPW's Division of Highways, and that on September 1, 1995, the DPW issued a purchase order to buy five Swensen combination dump trucks from Roberts, through Roberts' office in Tonawanda, New York. He states that as of February 14, 1996, the day that he signed the declaration, four of the five trucks had been delivered to Erie County, and that the fifth was to be delivered on February 15. Plaintiff contends that these trucks are among those that allegedly infringe the patent.

In its reply memorandum, defendant contends that this purchase order is not evidence of a sale, but simply an offer to buy from Roberts, a non-party. Defendant also asserts that plaintiff has not presented evidence of a sale prior to the commencement of this action on December 1, 1995.

The fact remains, however, that Krauza affirmatively states that the trucks *were* purchased from Roberts. The purchase order, which is dated September 1, 1995, also contains the statement, "I hereby certify that the above articles *were bought* at the prices set out above," signed by two persons listed as "Buyer" and "Director of Purchase." *See* Krauza Declaration Ex. A (emphasis added). Construing the record in plaintiff's favor, I believe that this evidence is sufficient to meet plaintiff's burden of making a *prima facie* showing that defendant had contracted to supply goods within this district prior to December 1, 1995.

■ The fact that defendant *initially* distributes its goods from Illinois, and that the retail sale within New York is made by Roberts, does not mean that defendant is outside the reach of § 302. For one thing, defendant must still contract with Roberts to supply its goods in New York. Even if Roberts receives the goods at its place of business in the Northern District, Roberts' status as an independent distributor does not necessarily shield defendant from being subjected to personal jurisdiction in this district for sales within this district. An infringing seller may be subject to personal jurisdiction here notwithstanding that it sells its goods through an independent dealer. *See Hubbell, Inc. v. Pass & Seymour, Inc.*, 883 F.Supp. 955, 961 (S.D.N.Y.1995) ("This Court has jurisdiction even if the products for sale are offered through independent brokers in New York"; trademark case); *Houbigant, Inc. v. ACB Mercantile, Inc.*, 914 F.Supp. 964, 979 (S.D.N.Y.1995) (same); *Editorial*, 829 F.Supp. at 65 ("Contracting with a distributor to distribute an infringing work in New York renders personal jurisdiction proper under" § 302(a)(1); copyright case); *Lipton v. The Nature Co.*, 781 F.Supp. 1032, 1036 (S.D.N.Y.1992) (same), *aff'd*, 71 F.3d 464 (1995). Since Roberts has offices in both the Northern and Western Districts of New York, defendant's claim that it has no control over or knowledge of the ultimate destination of products shipped to Roberts appears disingenuous. There is no indication that defendant believed, or had reason to believe, that retail sales would be limited to Roberts' Caz-

enovia office. *See GB Marketing USA, Inc. v. Gerolsteiner Brunnen GmbH & Co.,* 782 F.Supp. 763, 767–68 (W.D.N.Y.1991) (German corporation subject to personal jurisdiction in New York where corporation "understood that its [product] was being sold in New York . . .").

■ Furthermore, a cause of action for patent infringement is deemed to arise where the infringing sales are made. *See Imagineering, Inc. v. Van Klassens, Inc.,* 797 F.Supp. 329, 331 (S.D.N.Y.1992). Depending on the nature of the relationship between Roberts and defendant, then, the alleged sale in Erie County could suffice to establish personal jurisdiction under C.P.L.R. § 302(a)(2), which allows a court to "exercise personal jurisdiction over any non-domiciliary . . . who in person *or through an agent:* . . . commits a tortious act within the state . . ." *See Imagineering,* 797 F.Supp. at 331–32 (exercising jurisdiction under § 302(a)(2) over furniture manufacturer based on alleged sale of two infringing rocking chairs in New York). Although it is not clear at this point whether Roberts is defendant's agent, at this stage any doubts on that score are to be resolved in favor of plaintiff. *Hubbell,* 883 F.Supp. at 961; *Editorial Musical,* 829 F.Supp. at 64.

At the very least, then, it is clear that defendant has contracted with Roberts to supply goods within New York State. Construing the allegations of the complaint in the light most favorable to plaintiff, it also appears that there could be a set of facts which would support personal jurisdiction, and therefore venue, within this district. Since that is so, the motion to dismiss must be denied.

At this time, however, some of the relevant facts are not yet known. In particular, the precise manner and dates of the sale and delivery of the trucks to Erie County are not apparent from this record. It is not clear, for instance, whether defendant shipped the trucks directly to Roberts' Tonawanda office, or, if not, whether defendant nevertheless knew of the trucks' ultimate destination.

I believe, therefore, that the best course here is to deny defendant's motion without prejudice, and to permit discovery to proceed for 60 days solely on matters relating to personal jurisdiction. At the end of that period, defendant may renew its motion to dismiss, if appropriate. *See Gomez v. ISB LTEE Ltd.,* 920 F.Supp. 275 (D.Conn.1995).

## II. Motion to Change Venue

In the event that the court denies its motion to dismiss, defendant asks that the case be transferred to the Northern District of Illinois pursuant to 28 U.S.C. § 1404(a) on the ground of *forum non conveniens.*

Section 1404(a) of Title 28 provides that

[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

■ A motion for a change of venue is committed to the sound discretion of the court. Plaintiff's choice of forum should not be changed lightly and should be accorded substantial weight. *Olinick & Sons v. Dempster Bros.,* 365 F.2d 439 (2d Cir.1966); *Brierwood Shoe Corp. v. Sears, Roebuck & Co.,* 479 F.Supp. 563, 565 (S.D.N.Y.1979). That is particularly so when the plaintiff resides in the judicial district where the suit was filed. *Miceli v. Stromer,* 675 F.Supp. 1559, 1565 (D.Colo.1987); *Sorrels Steel Co. v. Great Southwest Corp.,* 651 F.Supp. 623, 628 (S.D.Miss.1986). Defendant therefore has the "burden of making out a strong case for a transfer." *Filmline (Cross–Country) Productions, Inc. v. United Artists Corp.,* 865 F.2d 513, 521 (2d Cir.1989). To prevail on the motion, defendant must make a "clear showing" that the litigation in the proposed transferee district would be more convenient and would better serve the interests of justice. *Y4 Design Ltd. v. Regensteiner Publ. Enterprises,* 428 F.Supp. 1067, 1070 (S.D.N.Y.1977).

■ Among the other factors to consider are: the place where the underlying acts occurred; the convenience of the parties; the convenience of witnesses; the availability of process as to unwilling witnesses; the ease of access to sources of proof; the forum's familiarity with the governing law; trial efficiency; and the interest of justice. *Don King Productions, Inc. v. Douglas,* 735 F.Supp. 522, 533 (S.D.N.Y.1990); *see also Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947).

After considering the reasons advanced by defendant in support of its assertion that the action should be transferred to Illinois, I am not convinced that a change of venue is warranted. Although it might be more convenient for defendant to have the action heard in Illinois, someone will be inconvenienced no matter where the action is litigated. Defendant's assertion that it would be less inconvenient for Air–Flo to litigate the case in Illinois than for Berkman to litigate it here does not amount to the "clear cut and convincing showing" required to succeed on a motion to transfer. *Hubbell,* 883 F.Supp. at 962–63.

### CONCLUSION

Defendant's motion to dismiss or to transfer venue (Item 4) is denied without prejudice. All discovery in this action, except for discovery relating to personal jurisdiction, is stayed for 60 days from the date of issuance of this order. Depending on what develops in discovery, defendant may renew its motion to dismiss, if appropriate.

IT IS SO ORDERED.