OPINION OF THE COURT
James H. Shaw, Jr., J.
Defendant Hoyu Co., Ltd. (Hoyu) moves to dismiss the complaint for lack of jurisdiction. Plaintiff Alma Thompson cross-moves for order dismissing the affirmative defense of lack of jurisdiction contained in Hoyu’s answer and further seeks an order compelling defendant Nishimoto Trading Co., Ltd. (Nishimoto) to serve answers to plaintiffs first set of interrogatories.
On or about October 2, 1996, Ms. Thompson, a resident of Brooklyn, purchased a bottle of a hair color product known as “Bigen No. 59 Oriental Black” (hereinafter known as Bigen) from a retail store owned by defendant Sung Soo Kim, located at 853 Utica Avenue, Brooklyn, New York.
Bigen is manufactured by defendant Hoyu. The defendant Nishimoto was the exclusive distributor of Bigen for Hoyu.
Plaintiff applied Bigen to her hair and scalp in accordance with the directions contained in the instructions found in the box, presumably printed in English.* Upon applying Bigen, plaintiff sustained personal injuries resulting in this lawsuit.
In support of its motion to dismiss for lack of jurisdiction, Hoyu alleges that it is a foreign corporation that does no business in New York. It “has no business, has no office, sells no products, has no agents or sales personnel and derives no income in or from the State of New York.” (Affidavit of Shimpei Mizuno, President of Hoyu, ¶ 6.) Hoyu concedes that it manufactures Bigen. It contends, however, that it makes no sales in the United States and sells the product to Nishimoto, a California corporation, for distribution in the United States.
Nishimoto is the exclusive distributor of Bigen in the United States for defendant Hoyu. To bolster its claim of lack of jurisdiction, Hoyu contends that the sale of Bigen to Nishimoto is made on a carrier in Japan.
The legal question posed by this case is whether an exclusive sales right agreement to sell a Japanese manufacturer’s product in the United States is sufficient to justify invoking New York’s long-arm jurisdiction statute over a Japanese manufacturer.
*468 CPLR 302 (a) (3) (ii)
The only basis for jurisdiction in this case over Hoyu in New York depends on CPLR 302 (a) (3) (ii), providing:
“(a) Acts which are the basis of jurisdiction. As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent * * *
“(3) commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he * * *
“(ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce”.
Four elements are necessary to a finding of personal jurisdiction under CPLR 302 (a) (3) (ii):
(1) defendant committed a tortious act outside the State,
(2) defendant’s tortious activity caused injury to a person within the State,
(3) defendant should reasonably have expected the act to have consequences in the State, and
(4) defendant derives substantial revenue from interstate or international commerce.
A case providing strikingly similar facts is Kernan v Kurz-Hastings, Inc. (997 F Supp 367 [WD NY 1998]). In Kernan, the plaintiff sustained injuries while operating a hot stamping press. Navitas Co., Ltd. was the Japanese manufacturer of the press, and defendant Kurz-Hastings, Inc. was the exclusive distributor of the press in the United States and Canada.
Like Hoyu in the case at bar, the Japanese manufacturer in Kernan (supra), defendant Navitas, argued for dismissal. Navitas argued that it never transacted or solicited business or provided any service in New York, and that it does not maintain an office, does not own property, and does not engage in any conduct in New York.
In Kernan (supra, at 372), the court was confronted with the issue of whether Navitas, the Japanese manufacturer, should reasonably have expected that, by manufacturing the hot stamping press machine in Japan, and selling it to KurzHastings in Pennsylvania for distribution throughout the United States, pursuant to their exclusive sales right agree *469 ment, that Navitas would be subject to suit in a court in New York State. The court concluded that a Pennsylvania corporation’s agreement to sell a Japanese manufacturer’s products in the United States, in and of itself, is sufficient to establish a prima facie case of foreseeability coupled with a purposeful act in order to justify invoking long-arm jurisdiction over the Japanese manufacturer. (Kernan v Kurz-Hastings, Inc., 997 F Supp, at 373.)
The holding in Kernan (supra) finds other support. (See, Adams v Bodum Inc., 208 AD2d 450 [1st Dept 1994] [foreign coffee maker manufacturer’s exclusive distributorship agreement with a domestic distributor, covering the entire United States, provided a sufficient basis for finding that the manufacturer should have reasonably expected that persons in New York would be purchasing and using its product]; Allen v Auto Specialties Mfg. Co., 45 AD2d 331, 333 [3d Dept 1974] [Michigan manufacturer of an allegedly defective truck stand “should have foreseen the forum consequences of its alleged tortious act by virtue of the fact that it had entered into agreements with agents to solicit business in New York and further solicited business by its own employees”]; 15 NY Jur 2d, Business Relationships, § 1142 [1996]; accord, Hamilton v Accu-Tek, 32 F Supp 2d 47, 56 [ED NY 1998] [foreseeability has been found to be satisfied where a foreign manufacturer enters into an exclusive sales agreement with another corporation to sell its products across the United States, including in the forum State]; Jones v LaBofa A/S, 1997 WL 642468 [WD NY, Oct. 15, 1997, Pooler, J.]; Air-Flo M.G. Co. v Berkman Co., 933 F Supp 229 [WD NY 1996].)
This court holds that an exclusive sales agreement to distribute a foreign manufacturer’s product in the United States that results in a tort in New York is sufficient activity to justify invoking New York’s long-arm statute. In this case, Alma Thompson did not travel to Japan to purchase the Hoyu product in some shopping district of Tokyo. Instead, Hoyu manufactured the Bigen, packaged it in boxes printed in English — not Japanese — and inserted, within the box, instructions printed in English, evidently for use by American consumers. It is reasonable that Hoyu, by designating an exclusive sales distributor for Bigen in the United States, should be held to account for any harm caused by its product that is shipped to, purchased in, and used in New York. Under these facts, Hoyu’s argument that it has so structured the transaction with Nishimoto, the distributor, so that “title to the shipment of Bigen *470 Hair Dye products passes * * * at the time the order is placed aboard the carrier in Japan for transportation to the United States” (Mizuno affidavit ¶ 7), rings hollow.
Due Process
The court now turns to the second part of the personal jurisdiction inquiry: whether the assertion of long-arm jurisdiction over Hoyu comports with the requirements of due process.
The due process requirement for personal jurisdiction of a nondomicilliary in a Federal court diversity action, enunciated by the Supreme Court in International Shoe Co. v State of Washington, 326 US 310, 316 [1945]), protects a person without meaningful ties to the forum State from being subjected to binding judgments within its jurisdiction. In order to determine whether the exercise of personal jurisdiction is proper, the court must determine whether (1) the defendant has sufficient “minimum contracts” with the forum State, and (2) the assertion of personal jurisdiction comports with “ ‘traditional notions of fair play and substantial justice.’ ” (Supra.)
In World-Wide Volkswagen Corp. v Woodson (444 US 286, 287 [1980]), the Supreme Court considered whether an Oklahoma court could exercise personal jurisdiction over a nonresident automobile retailer and its wholesale distributor in a products liability action, when the only connection with Oklahoma was the fact that an automobile sold in New York to New York residents became involved in an accident in Oklahoma. In World-Wide Volkswagen, the Supreme Court instructed that “the foreseeability that is critical to due process analysis is not the mere likelihood that a product will find its way into the forum State. Rather, it is that the defendant’s conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there.” (Supra, at 297.)
The most recent Supreme Court pronouncement is found in Asahi Metal Indus. Co. v Superior Ct. (480 US 102 [1987]). Asahi concerned an indemnification action by Cheng Shin, a Taiwanese manufacturer of a defective motorcycle tire tube at issue, against Asahi, the Japanese manufacturer of the tube’s valve assembly. The Supreme Court held that the California courts did not have jurisdiction over Asahi “ [considering the international context, the heavy burden on the alien [Japanese] defendant, and the slight interests of the plaintiff [Taiwanese] and the forum State [over an indemnification action].” (Asahi Metal Indus. Co. v Superior Ct., 480 US, at *471 116.) Distinguishing Asahi from the case at bar, the Supreme Court there stated that “[t]here is no evidence that Asahi designed its product in anticipation of sales in California.” (Supra, at 113.)
In Kernan v Kurz-Hastings, Inc. (supra, 997 F Supp, at 376, 377, 379), the court sustained long-arm jurisdiction against a due process challenge, stating:
“The court has already found that Kurz-Hastings has made a prima facie showing that Navitas has purposefully directed its activities at residents of the forum by virtue of the ‘exclusive sales rights’ agreement. Therefore, the question becomes whether the litigation results from alleged injuries that arise out of or relate to those activities * * *
“Accepting as true Kurz-Hastings’ factual claims as to its sales and distribution relationship with Navitas, the court concludes that Ms. Kernan’s injury would not have occurred in New York in the absence of that relationship. The injury is alleged to have occurred as a result of the defective condition of the stamping press manufactured by Navitas. There is nothing in the record to suggest that Kurz-Hastings would have sold the press to Forbes and shipped it to New York had it not entered the agreement with Navitas * * *
“[I]t would not be contrary to ‘traditional notions of fair play and substantial justice’ to allow Kurz-Hastings’ third-party action against Navitas to proceed here.”
The reasoning in Kernan (supra) is sound and mandates the same result, sustaining jurisdiction, in the present case. In this case, Hoyu has not demonstrated unreasonable circumstances to overcome the finding of a New York forum by virtue of its nationwide “exclusive sales” agreement with Nishimoto, where Hoyu’s product, purchased in New York, allegedly causes harm in New York. (See generally, Peel & Co. v Rug Mkt., 1999 WL 13940 [ED La, Jan. 12, 1999, Porteous, J.]; Southco, Inc. v Matdan Am. Corp., 1998 WL 848056 [ED Pa, Dec. 8, 1998, Broderick, J.].) Accordingly, defendant Hoyu’s motion to dismiss is denied.
The court has reviewed the other contentions by defendants, including that service was allegedly defective under the Hague Convention, and finds the arguments to be without merit.
For the reasons set forth above, the defense of lack of jurisdiction, contained in defendant Hoyu’s answer, is without merit *472 and is thus stricken. The court further finds that plaintiffs set of interrogatories is proper. Accordingly, plaintiffs cross motion is granted, in all respects.

 There is no contention that Ms. Thompson is Japanese or is in any way fluent in Japanese.